1

IN THE UNITED DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

*Richmond  Division*

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                          Case No. 3:16Cr139

RICHARD TODD HAAS,

                Defendant.

## **DEFENDANT'S SUPPLEMENTAL RESPONSE TO MOTION TO INTRODUCE OTHER ACTS PURSUANT TO FEDERAL RULES OF EVIDENCE 414 AND 404(b)**

      Comes now the Defendant, Richard Todd Haas, by counsel, and files his supplemental response regarding the admissibility of other acts pursuant to Federal Rules of Evidence 414 and 404(b).

      On August 16, 2018, the parties appeared to argue the motion filed by the United States to admit other acts. The Court ordered additional briefing addressing the issues of relevancy and admissibility.

## **FEDERAL RULE OF EVIDENCE 414**

      The Court advised counsel for the Defendant to consider the factors in United States v. Kelly, 510 F.3d 433(4th Cir. 2007) and address how the case at bar is similar, or dissimilar. Federal Rule of Evidence 414 permits the admission of evidence of similar crimes in child molestation cases. The United States wishes to introduce evidence the

defendant committed the act of Object Penetration upon an eleven (11) year old girl. For the reasons stated herein, this Court should deny their motion and prohibit the introduction of said evidence.

If the Court holds the evidence is admissible, it must then administer a balancing test under Federal Rule of Evidence 403. In Kelly, Supra, at 437, the Fourth Circuit stated, "Thus, even if a prior conviction qualifies for admission under Rule 414, evidence of that conviction may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant. Rule 403, Fed. R. Evid. In applying the Rule 403 balancing test to prior offenses admissible under Rule 414, a district court should consider a number of factors, including (i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of intervening acts, and (v) the reliability of the evidence of the past offense." Citations omitted.

There is little similarity between the previous offense and the charged crimes. The former is a sexual assault upon a child, ostensibly for the pleasure of the assailant. The latter are an attempt to engage in the sex trafficking of children, for pecuniary gain, and the possession of child pornography. The respective offenses are more dissimilar than similar, as they share no elements of the respective offenses, other than they each involve children. A child molester will not necessarily collect child pornography, much less attempt to produce it. There is no evidence the defendant filmed or recorded the

alleged sexual assaults. There is also no evidence he showed the alleged victim child pornography, so there appears to be no nexus between the respective offenses.

Regarding factors (ii) and (iii), temporal proximity and frequency of the prior acts, the sexual assaults allegedly occurred on approximately five or more occasions between September, 2015 and June, 2016. The dates of the offenses for which the defendant was indicted are May, 2016 to August, 2016, and July 19, 2016, September 1, 2016, and September 1, 2016, respectively. While there appears to be temporal proximity, the alleged sexual assaults and the charged offenses do not appear to rely one upon the other.

There are no apparent intervening acts, but neither do there appear to be any common or connecting acts between the prior and charged offenses.

The evidence, at least to the alleged object penetration, seems reliable given its reliance on the DNA evidence proffered by the United States at the August 16 hearing. As to other alleged sexual assaults, it appears these are based solely upon the representation of the alleged victim. It should be noted the reporting of the alleged assaults came in August, 2016.

If this Court determines the evidence is admissible under Rule 414, defendant urges this Court to conclude its probative value is outweighed by its prejudicial value. While it seems difficult to quantify the danger of unfair prejudice, common sense suggests it is tremendous in this factual scenario. Even with cautionary instructions, hearing a young girl testify to these alleged sexual assaults will undoubtedly inflame the

jury and prevent it from appropriately focusing on the charged crimes. While it is easy to understand why the United States would like to enjoy the benefit of this evidence, to allow it would unfairly prejudice the defendant and deprive him of his ability and right to receive a fair trial. The Fourth Circuit addressed this issue in its decision in Kelly, supra. While the Court allowed the admission of Kelly's prior **conviction,** ruling its admission was not unfairly prejudicial, it stated, "also worth noting is that the government appropriately did not seek to elicit inflammatory testimony about Kelly's prior conviction, but instead presented only the official conviction record. This presentation method served to minimize the risk of unfair prejudice to Kelly." Id., at 438. In the case at bar the defendant has not been convicted of the alleged prior acts and the United States intends to solicit the inflammatory testimony of the alleged victim. This is a significant and, defendant suggests, a decisive distinction between the Kelly case and the case before this Court. The evidence must be excluded.

### Rule 404(b)

The United States goes to great lengths to attempt to justify allowing the uncharged, prior bad acts into evidence. As stated, Rule 404(b) (2) allows admissibility, not to prove character, but "for another purpose, such as proving motive, opportunity, identity, absence of mistake, or lack of accident."

This issue was addressed in United States v. Queen, 132 F.3d 991 (4th Cir.1997). The Fourth Circuit suggested further qualifications  to the test articulated in United States v. Rawle,845 F.2d 1244 (4th Cir.1988). It held evidence to be admissible under Rules 404(b) and 403 if it meets the following criteria. "(1) The evidence must be

relevant to an issue, such as an element of the offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity, or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3)  The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact finding process." Id.at 997.

Defendant respectfully suggests evidence of the alleged sexual assault does not fall within any of the purposes detailed in Federal Rule of Evidence 404(b)(2). It is, rather, being offered to prove the defendant's bad character in hopes the jury will conclude "on (this) particular occasion the defendant acted in accordance with the character." Fed Rule Evid. 404 (b) (1).

If one assumes the defendant sexually assaulted the minor child, E.J., that "fact" is not probative of his intent to attempt to engage in sex trafficking of a minor, nor to possess child pornography. Sex trafficking is a crime of pecuniary benefit. The United States has pointed out the defendant's statement in one of the text messages purportedly between the defendant and the C.W. In document 27-8, p. 9 of 22, the defendant states, "I can go up there also if you want and you can still make money if it goes well… No problem if it doesn't work just trying to make you some money and me too." During the call purportedly between the defendant and the C.W. , document 27-4, p. 1 of 3, the defendant says, "yeah, that way I can make money on them too, man…"

On page 2 of 3, the C.W. says, "I'm down with money, I like money, so hey", to which

the defendant replies, "... Yeah,.. That's what I am talking about, man." During the

recorded call of August 16, 2016, document 27-5, page 3 of 4, the defendant says, "But,

gotta hook that... up, dude, and make some money, man." The C.W. responds, "Yeah,

baby, I'm all about my moolah," and the defendant says, " That's exactly right." While

these statements may be damning evidence of an intent to engage in sex trafficking of

minors, evidence of an alleged prior sexual assault in no way adds to or corroborates

this apparent intent.

Likewise, no evidence of motion, opportunity, preparation, plan, etc. is

derived from evidence of a prior alleged sexual assault. The many cases cited by the

United States deal with instances where the charged conduct is almost identical to the

prior bad acts. United States v. Byers, 649 f.3d 197 (4th Cir. 2011) deals with a charged

murder while the prior bad act involved a shooting which, "Plausibly suggested a

common theme to the shooting of Coleman and the murder of Haymes…" In United

States v. Whorley, 550 F.3d 326 (4th Cir. 208), a prior conviction of receiving child

pornography was admitted to prove he did not accidentally or mistakenly receive the

charged images of child pornography. Id, at 337-338. It seems difficult to suggest

evidence of a prior sexual assault belies accident or mistake as it regards possession of

child pornography or attempted sex trafficking of a minor.

Admitting the prior bad act evidence is in no way necessary to the case of the

United States. Necessity is discussed, at length in United States v. Lighty, 616 F.3d 321

(4th Cir. 2010). The Fourth Circuit held evidence of a prior shooting was not necessary,

stating, "Evidence is necessary where it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime." Queen, 132 F.3d at 998 (citation and internal quotation marks omitted). To suggest the alleged prior bad act here is an essential part of the crime on trial seems, to be kind, a stretch. Frankly, evidence of one is in no way an essential part of the other. The Fourth Circuit went on to say the "necessity prong must be analyzed in "light of other evidence available to the government." Queen, 132 F.3d at 998." Id, at 354. As in the case at bar, the court held the United States had other evidence to establish the link it wanted regarding the charged crime. In the instant case, the United States appears to have ample evidence to prosecute the defendant without the necessity of a prior bad act which shares no common elements with the charged conduct.

Should this Court conclude the prior bad act evidence may be admitted under Rule 404 (b) (2), it should still prohibit introduction pursuant to Federal Rule of Evidence 403, as the danger of unfair prejudice outweighs the probative value. In United States v. Queen, 132 F.3d 991, 996 (4th Cir.1997), the Fourth Circuit said, "There are two other dangers that Rule 404 (b) addresses. First, it protects against juries trying defendants for prior acts rather than charged acts, and guard against juries becoming confused by the purpose of the admitted acts and using the acts improperly in arriving at a verdict. See Michelson, 335 U.S. at 475-76, 69 S.Ct.at 218.9; Wigmore, supra, at 1215 (noting "the tendency to condemn not because the accused is believed guilty of the present charge but because he has escaped unpunished from other offenses"). It is just this which the defendant fears should the prior bad acts be admitted. Defendant

believes the United States has not met the requirements articulated in <u>Queen,</u> supra, but even if this Court disagrees, Federal Rule of Evidence 403 prohibits admissibility.

Finally, during the August 16 hearing, the Court suggested the issue to be determined is what is it that the proposed evidence shows a propensity, on the part of the defendant, to do. The defendant respectfully suggests allegations of sexual assault do not show a propensity on his part to either attempt to engage in the sex trafficking of minors, or to possess child pornography. The defendant is at a loss to ascertain exactly what it is the United States believes the alleged sexual assaults show a propensity on his part to commit.

Wherefore, your defendant respectfully requests this Honorable Court deny the Motion of the United States to Introduce Other Acts Evidence Pursuant To Federal Rule of Evidence 404 (b) and 414.

Respectfully submitted,

**RICHARD TODD HAAS**


By_____/ S /_____
**Jeffrey L. Everhart, Esquire**
Virginia State Bar No. 22328
**Counsel for Richard Todd Haas**
Jeffrey L. Everhart, P.C.
4100 East Parham Road, Suite C
Richmond, Virginia  23228
Tel:    (804) 672-1087
Fax:    (804) 672-0545
E-mail: everhartlaw@comcast.net

## Certificate of Service

I hereby certify that on the 30th day of August, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Brian R. Hood, Assistant United States Attorney**
UNITED STATES ATTORNEY'S OFFICE
Main Street Centre, 18th Floor
600 East Main Street, Suite 1800
Richmond, Virginia   23219
Tel:    (804) 819-5400
Fax:    (804) 771-2316
Brian.R.Hood@usdoj.gov

**Heather H. Mansfield, Assistant United States Attorney**
UNITED STATES ATTORNEY'S OFFICE
Main Street Centre, 18th Floor
600 East Main Street, Suite 1800
Richmond, Virginia   23219
Tel:    (804) 819-5400
Fax:    (804) 771-2316
Heather.H.Mansfield@usdoj.gov

_____/ s /_____
**Jeffrey L. Everhart, Esquire**
Virginia State Bar No. 22328
**Counsel for Richard Todd Haas**
Jeffrey L. Everhart, P.C.
4100 East Parham Road, Suite C
Richmond, Virginia  23228
Tel:    (804) 672-1087
Fax:    (804) 672-0545
e-mail:  everhartlaw@comcast.net