**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**



FILED
SEP 1 3 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES OF AMERICA

v.                                     Criminal No. 3:16-cr-139

RICHARD TODD HAAS,

Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the UNITED STATES'
NOTICE OF INTENT AND MOTION TO INTRODUCE OTHER ACTS EVIDENCE
PURSUANT TO FED. R. EVID. 414 AND 404(b) (ECF No. 81). The
Government seeks to admit evidence of the Defendant's alleged
sexual abuse of a minor in its case against the Defendant for
attempted sex trafficking of a minor and for receipt and
possession of child pornography. It conceded at oral argument
that it would not use this other acts evidence to show
propensity, but only to show intent, motive, and, knowledge.
Notwithstanding this concession, for the reasons discussed
below, the motion was denied.

## BACKGROUND

On November 1, 2016, Richard Todd Haas was charged in a
five-count Indictment with various sex trafficking and child
pornography offenses. ECF No. 1. By a Superseding Indictment,

filed on December 19, 2017 (ECF No. 78), Haas was charged with four counts: Count One alleged the attempted sex trafficking of a child known to be less than 14 years old, under 18 U.S.C. §§ 1591(a)(1) and 1594(a), id. at 1; Count Two alleged the knowing receipt of child pornography, under 18 U.S.C. § 2252A(a)(2)(A), id. at 2; and Counts Three and Four both alleged the knowing possession of materials containing child pornography, under 18 U.S.C. § 2252A(a)(5)(B), id. at 2-3.

The charges in the Superseding Indictment relate to events that took place between May and September 2016. On or around June 16, 2016, a confidential witness ("CW") who had provided escort services to Haas for several years notified the FBI of recent conversations with Haas in which he had expressed sexual interest in children. ECF No. 81. According to CW, Haas said that a 12-year-old had performed a sex act on him four years earlier. Id. In addition, Haas, using his laptop computer, allegedly showed CW numerous images of children, between the ages of 5 and 12, engaged in sexually explicit conduct. Id. Haas then expressed interest in having CW help him find a child to use in producing child pornography photos. Haas continued to do so when CW led him to believe that her friend could help find an 8- or 12-year-old girl for that purpose. Id. Shortly thereafter, FBI agents obtained search warrants for Haas's residence and

multiple vehicles, and seized a laptop with numerous child pornography files during one search. Id. Broadly speaking, Count One pertains to Haas's efforts to obtain the services of a young girl for child pornography production, and Counts Two through Four concern the receipt and possession of child pornography on Haas's laptop and another storage device.

The Government seeks to introduce testimony ("other acts evidence") relating to Haas's alleged sexual molestation of an 11-year-old girl ("E.J.") on at least five occasions between September 2015 and June 2016. ECF No. 81. In particular, E.J. will testify that she met Haas while she and her parents were panhandling for money, and Haas persuaded her parents to let E.J. do paid housework at his residence. Id. When Haas took her home, he would often pull her pants down and touch her "private parts." Id. On several occasions, Haas made direct contact with her genitalia, either with his hand or by using a vibrator (which was seized from Haas's personal vehicle during one of the FBI's searches). Id. The Government will offer DNA evidence showing that E.J.'s DNA was located on the vibrator that was seized from Haas's car. ECF No. 135. Interactions between Haas and E.J. ended when E.J. complained to Richmond Police Department investigators about Haas's actions.

The Government filed a motion seeking to introduce this other acts evidence of sexual abuse of E.J. pursuant to Fed. R. Evid. 414 and 404(b). ECF No. 81. After hearing argument on August 16, 2018, the Court ordered an additional round of briefing on the issue of admissibility. ECF No. 132. The positions of the parties, as modified by the supplemental briefing and oral argument held on September 12, 2018, are set forth herein.

## DISCUSSION

The Government asks the Court to admit the other acts evidence of Haas's alleged past abuse of E.J. under Fed. R. Evid. 414,[1] or in the alternative, under Fed. R. Evid. 404(b). The initial framework governing the admissibility of evidence is familiar: "relevant evidence is admissible unless prohibited by" inter alia the Federal Rules of Evidence. Fed. R. Evid. 402. Evidence is relevant if "(1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Id. 401. Though relevant and probative, "[e]vidence of a person's

---

[1] The Government's initial motion and briefing on this issue (ECF No. 81) focused on both Rules 414 and 404(b). Subsequently, the Government appears to have moved away from its reliance on Rule 414, and focuses almost exclusively on Rule 404(b). ECF No. 135; ECF No. 138. In its supplemental briefing and at oral argument, the Government argued that Rule 414 is a lower standard of admissibility and that is why it focused more on Rule 404(b).

4

character. . . is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Id. 404(a). Finally, Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of. . .unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As discussed below, Rules 414 and 404(b) modify this general framework to some extent. However, as explained below, neither rule permits admission of this proffered other acts evidence in this case.

I. **Fed. R. Evid. 414**

### A. Legal Standard

Rule 414 allows courts, in cases where "a defendant is accused of child molestation," to "admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414(a).[2] Thus, for the other acts evidence to be admissible as to a particular charged offense, both the evidence and the charged

---

[2] "Child molestation" is defined as any crime under federal or state law involving, inter alia, conduct prohibited by 18 U.S.C. chapter 109A and committed with a child, conduct prohibited by 18 U.S.C. chapter 110, or contact between any part of the defendant's body (or an object) and a child's genitals or anus. Fed. R. Evid. 414(d)(2). A "child" is defined as "a person below the age of 14." Id. 414(d)(1).

offense must involve "child molestation," as defined in the Rule. See Fed. R. Evid. 414(d)(2).

The "other acts evidence" in this case clearly counts as "child molestation" under Rule 414 because it alleges that Haas touched E.J.'s genitals, both with his body and an object. The conduct alleged in Count One, which is a violation of 18 U.S.C. § 1591, is located in 18 U.S.C. chapter 77. It is not covered by any of Rule 414(d)(2)'s provisions. Thus, it is not an act of "child molestation" for purposes of Rule 414. Counts Two through Four also involve "child molestation," because Haas has been charged with violating 18 U.S.C. § 2252A, which is located in 18 U.S.C. chapter 110.

Evidence admitted under Rule 414 "may be considered on any matter to which it is relevant." Id. 414(a). Rule 414 modifies the general prohibition on the use of character evidence. See Fed. R. Evid. 404(a); see also United States v. Kelly, 510 F.3d 433, 436-37 (4th Cir. 2007). That is so because "Rule 414 allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses," Kelly, 510 F.3d at 437, and evidence of that sort is not usually admissible. At oral argument, the Government represented that it would not use this other acts evidence for propensity purposes, but would instead rely on it to show intent, motive, and knowledge.

6

The Fourth Circuit has made clear that "evidence admitted under Rule 414 is subject to Rule 403's balancing test." Kelly, 510 F.3d at 437. Thus, courts may still exclude other child molestation evidence if "'its probative value is substantially outweighed by the danger of unfair prejudice' to the defendant." Id. (quoting Fed. R. Evid. 403). When applying Rule 403 to evidence sought to be admitted under Rule 414, the Fourth Circuit has identified a non-exhaustive list of five factors that inform the decision. Kelly, 510 F.3d at 437. These factors are: "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." Id.

## B. Analysis

Because the conduct in Counts Two through Four and the other acts evidence falls within the ambit of Fed. R. Evid. 414, the analysis is governed by the test set out in Kelly. 510 F.3d at 437.[3] For the reasons explained below, the offered other acts evidence fails that test.

---

[3] As explained previously, Count One's conduct does not fall within "child molestation" as defined in Rule 414. After initially arguing that Count One did fall within Rule 414, ECF No. 81, the Government has not pressed this point either in

7

To begin, there must be a similarity between the other acts and the charged conduct. Haas is charged in Counts Two through Four with receipt and possession of child pornography. The other acts evidence consists of acts of alleged child molestation. In weighing similarity in this context, the Court is guided by Kelly. There, the Fourth Circuit upheld the admission of a previous conviction for attempted rape of a 12-year-old child in a prosecution for "traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a 12-year-old." 510 F.3d at 437. The similarities between the charged crime and the past acts were "striking" given the identical ages of the victim and the type of conduct. Id.

Further, in Kelly, the prior act was evinced by a conviction for attempted rape, not merely an allegation, and the Court held that the prejudice to the defendant was minimized by the fact that the Government "present[ed] only the official conviction record" rather than "elicit[ing] inflammatory testimony." Id. at 438. See also United States v. Haney, 693 Fed. Appx. 213, 214 (4th Cir. 2017) (per curium) (unpublished) (permitting introduction of a past conviction of taking indecent liberties with a child in a prosecution for child pornography).

---

subsequent briefings or at oral argument. Therefore, the analysis proceeds under the assumption that Count One is not covered by Rule 414.

In <u>United States v. Rice</u>, 347 Fed. Appx. 904 (4th Cir. 2009), the Fourth Circuit addressed a factual scenario similar to that presented in this case. Rice was charged with, and convicted of, possession of child pornography under the same statute as Haas faces. <u>Id.</u> at 905. Over the defendant's objection, the District Court permitted testimony from Rice's minor nephew that Rice had molested him, showed him child pornography, and taken sexually explicit pictures of him. <u>Id.</u> In affirming the District Court's decision to admit this testimony, the Fourth Circuit noted that "though there were some differences between previous molestation activity and the current charges of child pornography," the fact that Rice showed his nephew child pornography and took pictures of his nephew was sufficient to meet the similarity test of <u>Kelly</u>. <u>Id.</u> at 906.

The facts here are different than in the cases in which evidence of other acts evidence has been admitted under Fed. R. Evid. 414. First, Haas has not been convicted of the past child abuse. This fact distinguishes this case from <u>Kelly</u> and <u>Haney</u>, both of which involved a prior conviction. As the Court in <u>Kelly</u> warned, testimony of prior abuse could be "inflammatory" and the introduction of the "official conviction record" was more appropriate. 510 F.3d at 438. The Government does not have that option here—rather, the Government's evidence of the Defendant's

9

past acts will come through E.J.'s testimony. This presents a substantial likelihood of being "inflammatory." Id. Second, unlike in Rice, Haas has not been accused of showing child pornography to E.J. or of taking photographs of her. These factors were important to the Rice court in finding similarities between the accusation of molestation and the charges of child pornography. For these reasons, the Court finds that the prior acts of alleged sexual abuse of E.J. and the charged crimes do not satisfy the similarity facet of the Kelly test.

It, of course, is necessary to also examine the other Kelly factors. First, the temporal proximity between the past conduct and the charged crimes is close, and potentially overlapping. ECF No. 81. In any event, Kelly itself found the temporal proximity prong satisfied when there was a 22-year gap between the prior conviction and the charged crimes. 510 F.3d at 437. Thus, it appears this factor is met.

Factor three requires an examination of the frequency of the past acts. E.J. alleges that the Defendant abused her on at least five occasions between September 2015 and June 2016. ECF No. 81. That testimony satisfies the frequency factor in Kelly.

Factor four requires an assessment of whether there were intervening acts.[4] The parties have not raised any intervening acts. Accordingly, this factor is neutral in the analysis.

Lastly, the evidence of the past offense must be reliable. The Government has provided evidence of E.J.'s DNA on the vibrator found in Haas's possession. ECF No. 135. Haas does not question the reliability of this evidence. ECF No. 137. Accordingly, the reliability facet of Kelly is likely met.

Kelly's factors are non-exhaustive, and the Court may consider other factors in weighing the risk of unfair prejudice to the Defendant. 510 F.3d at 437. Thus, courts may still exclude other child molestation evidence if, on the whole, "'its probative value is substantially outweighed by the danger of unfair prejudice' to the defendant." Id. (quoting Fed. R. Evid. 403). In this case, factor one of Kelly and the risk of unfair prejudice to Haas lead to the conclusion that the other acts evidence in this case is inadmissible under Fed. R. Evid. 414.

---

[4] The Court has examined the case law cited by Kelly in establishing the factor test, and has found no clear definition on what this factor means. See United States v. Hawpetoss, 478 F.3d 820 (7th Cir. 2007); United States v. LeMay, 260 F.3d 1018 (9th Cir. 2001). At oral argument, the Government suggested that "intervening acts" could include an arrest, death, or other interruption in the conduct. The Court need not resolve this dispute now, because it has no bearing on the analysis in this case.

The Fourth Circuit has made clear that "unfair prejudice" requires "a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Ham, 998 F.3d 1247, 1252 (4th Cir. 1993) (citation omitted); see also United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 403 advisory committee's note) ("Prejudice refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'"). Also, the Court of Appeals has upheld the admission of past acts evidence as non-prejudicial where the past acts did "not involve conduct any more sensational or disturbing than the [charged] crimes." United States v. Boyd, 53 F.3d 631,637 (4th Cir. 1995).

In this case, the proffered other acts evidence would be unfairly prejudicial to Haas without providing much probative value on the child pornography counts. The evidence of repeated sexual abuse of a poor minor who was in Haas's home to make money by cleaning the house is highly likely to inflame the jury's emotions. After hearing this evidence, particularly testimony from E.J., the jury likely would give undue weight to the other acts because they are so egregious and offensive. And, the other acts are considerably more disturbing than the

12

charged offenses because the other acts involve the actual physical molestation of the minor on five separate occasions. Further, the probative value of this evidence is slight compared to the prejudice to Haas because the other acts evidence is really just probative of propensity for which purpose the evidence will not be offered. And contrary to the Government's argument, the acts of sexual abuse are not really probative of Haas's motive, intent or knowledge. Thus, notwithstanding the Government's assurance that it will not use this evidence to argue that Haas had a propensity to commit sex crimes involving children, there is no question that the other acts evidence will cast Haas as a bad person who should be punished, while providing minimal probative value in proving receipt and possession of child pornography.

For the foregoing reasons, the Government's motion to introduce other acts evidence under Rule 414 was denied.

**II.  Fed. R. Evid. 404(b)**

**A. Legal Standard**

Alternatively, the Government relies on Rule 404(b) as the basis for admitting the other acts evidence.[5] As discussed above, even relevant evidence "of a crime, wrong, or other act

---

[5] As noted in note 1, supra, the Government argues that Rule 404(b) is the stricter standard for admission, and thus focused its supplemental briefing on that Rule.

is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). That evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. 404(b)(2). The Fourth Circuit has characterized this provision as a "rule of inclusion," and has emphasized that the list above "is not exhaustive." United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997); see also United States v. Penniegraft, 641 F.3d 566, 574 (4th Cir. 2011) ("Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition.").

The Fourth Circuit has established a multi-factor test to determine the admissibility of other acts evidence under Rule 404(b). Queen, 132 F.3d at 997. To be admissible under Rules 404(b), evidence must meet the following criteria:

> "(1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must

14

> not be substantially outweighed by confusion
> or unfair prejudice in the sense that it
> tends to subordinate reason to emotion in
> the factfinding process."

Queen, 132 F.3d at 997 (emphasis added). Unlike the Kelly test, the Fourth Circuit requires that, to admit other acts evidence under Rule 404(b), the evidence must meet all of the Queen factors. Id. In performing this assessment, courts should be mindful of the "dangers that Rule 404(b) was intended to avoid." Id. at 995. The three principal dangers are: (1) convicting the defendant "simply for possessing bad character"; (2) "trying defendants for prior acts rather than charged acts" and juries "using the acts improperly in arriving at a verdict"; and (3) protecting the defendant from "trial by ambush." Id. at 996.

### B. Analysis

The Government argues that the other acts evidence should be admitted for three Rule 404(b) reasons: (1) to show Haas's intent for the attempted sex trafficking charge of Count One; (2) to show Haas's motive for the attempted sex trafficking in Count One and for the receipt and possession of child pornography charges in Counts Two through Four; and (3) to show Haas's knowledge and absence of mistake on the child pornography charges of Counts Two through Four. ECF No. 135. Because Rule 404(b) already prohibits using other acts evidence for propensity purposes, the Government's concession that it will

15

not use the other acts evidence to show propensity has no bearing on this analysis.

The analysis begins with the <u>Queen</u> factors. First, the other acts evidence must be "relevant to an issue, such as an element of an offense. . . .the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes." <u>Queen</u>, 132 F.3d 991, 997. <u>Queen</u> itself is instructive of what the Fourth Circuit envisions for the relevance prong. There, Queen was charged with witness tampering, and in its prosecution, the Government sought to introduce prior acts of witness tampering. <u>Id.</u> at 992-93. To no surprise, the Fourth Circuit held that these past acts of witness tampering were admissible under Rule 404(b) to show Queen's intent to commit the charged witness tampering. <u>Id.</u> at 997. After all, it is virtually the same conduct.

Other cases further illustrate this point. <u>United States v. Whorley</u>, a case relied on by the Government, involved the introduction of a prior child pornography charge in a child pornography case. 550 F.3d 326, 337-38 (4th Cir. 2008). While it did not explicitly analyze each of the <u>Queen</u> factors, the Fourth Circuit did uphold the admission of this other acts evidence under Rule 404(b) because it was "probative on. . .disputed elements of the offenses." <u>Id.</u> at 338. But, once again, the

16

charged crime and the past conduct were virtually identical. Likewise, United States v. Sebolt involved the charged conduct of advertising child pornography in violation of 18 U.S.C. § 2251(d). 554 Fed. Appx. 200, 201 (4th Cir. 2014) (unpublished). The Fourth Circuit upheld the Government's use of Rule 404(b) other acts evidence consisting of "five letters sent to or from Sebolt while in prison" either requesting books containing pictures of children, discussing his desire to receive pictures of children, or containing actual nude photos of minors. Id. at 202-203. The other acts evidence in Sebolt was very similar to the charged conduct, and thus was relevant under the first prong of the Queen test.

In its supplemental reply brief (ECF No. 138), the Government focuses exclusively on a recent Fourth Circuit decision dealing with Rule 404(b), United States v. Bell, No. 16-4343, 2018 WL 4087893 (4th Cir. Aug. 28, 2018). But, Bell does not support admission of the other acts evidence in this case. Bell was convicted of drug possession with intent to distribute and possessing a firearm in furtherance of a drug-trafficking crime. Id. at *2. Among other things, Bell challenged the admission of other acts evidence (under Rule 404(b)) of an unrelated arrest in Washington, D.C. (the "D.C. Arrest"), where a gun was found in his vehicle, drugs were found

17

on his person, and he admitted during the police interview that he was in the city to "buy 'two guns and some coke'. . .in particular, he was expecting to buy 'two Rugers.'" Id. Because the charged firearm offense involved the use of a Ruger, the Court of Appeals found the other acts evidence from the D.C. Arrest "necessary and relevant." Id. at *6. Further, the drugs found on Bell's person at the time of the D.C. Arrest were the "same narcotics, and the same baggies" that were seized from Bell's home and used in the prosecution for the charged offenses. Id. Bell demonstrates the kind of close connection between the other acts evidence and the charged conduct that satisfies the relevance factor of Queen. But, Bell does not support the use of 404(b) evidence in this case.

Here, the charged conduct is attempted sex trafficking of a minor (Count One) and receipt and possession of child pornography (Counts Two through Four). Although the charged offense and the other acts evidence both involve minors, the similarity ends there. The operative conduct involved (sexual assault versus possession of pornography or attempted sex trafficking) is not similar. And, absent a showing of similarity, the predicate of the relevance factor of Queen is missing.

Next, the Court turns to the second facet of the Queen test, the necessity prong. "The act must be necessary in the sense that it is probative of an essential claim or an element of the offense." Queen, 132 F.3d at 997. Necessity is judged "in light of other evidence available to the government." Id. at 998 (citation omitted). Indeed, "as the quantum of other non-Rule 404(b) evidence available to prove an issue unrelated to character increases, the need for the Rule 404(b) evidence decreases." United States v. Lighty, 616 F.3d 321, 354 (4th Cir. 2010).

It is true that the statutes underlying the charges in the Superseding Indictment all require a showing that Haas acted knowingly. See 18 U.S.C. § 1591(a) (punishing "[w]hoever knowingly . . . [takes certain actions] . . . knowing . . . that the person [trafficked] has not attained the age of 18 years and will be caused to engage in a commercial sex act"); 18 U.S.C. § 2252A(a)(2)(A) (criminalizing "knowing[] recei[pt]" of child pornography); 18 U.S.C. § 2252A(a)(5)(B) (penalizing any person who "knowingly possesses . . . any other material that contains an image of child pornography"). The other acts evidence showing that Haas sexually abused E.J. may be slightly probative of the knowledge element. However, the Government has other (and far stronger) evidence tending to show Haas's knowledge, including

19

recorded calls between the Confidential Witness ("CW") and Haas and evidence seized from Haas (which includes his laptop computer). ECF No. 81. On this record, the "need for the Rule 404(b) evidence [is] decrease[d]," Lighty, 616 F.3d at 354, and significantly so.

The Government also argues (ECF No. 135) that the other acts evidence is necessary to show Haas's intent as to Count One. It cites United States v. Sebolt for the proposition that other acts evidence in this case is necessary to corroborate CW's testimony about Defendant's intent. 554 Fed. Appx. 200, 206 (4th Cir. 2014) (unpublished). ECF No. 135. In Sebolt, the Government argues, other acts evidence was necessary to show intent because otherwise, the Government would have to "rely largely on the word of. . .a convicted felon and the person at whom Sebolt was pointing the finger." Id. The Government argues that here, it will have to rely on the testimony of CW, who has worked as a prostitute and has a felony and misdemeanor conviction on her record. ECF No. 135. Because CW's testimony is likely to be "vigorously attacked," the other acts evidence is said to be necessary to prove Count One. ECF No. 135. The Government stretches the comparison with Sebolt too far. Here, unlike Sebolt, the Government does have other evidence tending to show intent. Other than CW's testimony, it has recorded

telephone calls between Haas and CW, as well as physical evidence, including child pornography, found in Haas's home and vehicle. The Government is not in a position where its case rises or falls solely on CW's testimony. Because there is other evidence available to the Government to show both knowledge and intent, the necessity prong is not satisfied.[6]

The third Queen factor is whether the other acts evidence is reliable. 132 F.3d at 997. As with the Fed. R. Evid. 414 evidence analyzed under the Kelly framework, the Government has provided evidence of E.J.'s DNA on the vibrator found in the Defendant's possession. ECF No. 135. There appears to be no objection to the reliability of this evidence from the Defendant. ECF No. 137. Accordingly, the reliability prong is likely met.

Finally, the Court must consider the balance required by Rule 403 as part of the Queen analysis. 132 F.3d at 997. The analysis here is substantially the same as applied under Rule 414. At bottom, the issue is whether admission of the other acts

---

[6] The Government asserts that it would also use the other acts evidence to show Haas's motive to commit the charged offenses. However, cases cited by the Government for this purpose tend to allow other acts evidence of molestation as a form of propensity evidence. See United States v. Roux, 715 F.3d 1019, 1025 (7th Cir. 2013)(allowing evidence of past molestation to "establish a defendant's sexual interest in children"); United States v. Sebolt, 460 F.3d 910, 917 (7th Cir. 2006) (same). Because the Government concedes that it will not use the other acts evidence for propensity purposes, its motive rationale fails.

21

evidence creates "a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probable value of the offered evidence." United States v. Ham, 998 F.3d 1247, 1252 (4th Cir. 1993) (citation omitted). The answer is yes. As explained above, the probative value of the evidence, at best, is minimal because the similarity between the charged conduct and the conduct involved in the other acts is lacking. As for prejudice, Haas has not been convicted of the other acts evidence, that evidence is "more sensational or disturbing than the [charged] crimes," Boyd, 53 F.3d at 637, and to prove the other acts the Government would require the "inflammatory testimony" of E.J. Kelly, 510 F.3d at 438. Given the egregious nature of the other acts and the need of the defense to defuse it, there is a high risk that there would be a "mini-trial into the veracity of the accusations of child molestation." United States v. Fenn, 1:12cr510, 2016 WL 3690142, at *3 (E.D. Va. July, 12, 2016). Moreover, proof of the other acts – which are egregious – would come from the testimony of an 11-year-old girl and has a strong likelihood of inflaming the emotions of the jury and causing them to conclude that Haas is an evil person who deserves to be convicted and put way. Instead, the jury must assess Haas's

liability for the charged conduct without considering the terrible conduct in the uncharged, unconvicted other acts.

The Government has failed to demonstrate that the Queen factors have been met, particularly relevance, necessity, and the Rule 403 balancing test. Accordingly, because the test has not been met, and because the evidence is highly prejudicial to Haas and is of limited probative value, the motion to admit it under Rule 404(b) was denied.

## CONCLUSION

For the foregoing reasons, the UNITED STATES' NOTICE OF INTENT AND MOTION TO INTRODUCE OTHER ACTS EVIDENCE PURSUANT TO FED. R. EVID. 414 AND 404(b) (ECF No. 81) was denied.

It is so ORDERED.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 13, 2018

23