**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:16-cr-139 |
| ) | |
| RICHARD TODD HAAS, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

## UNITED STATES' POSITION WITH RESPECT TO DEFENDANT'S ADDENDUM ON POSITION WITH RESPECT TO SENTENCING FACTORS

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Brian R. Hood and Heather H. Mansfield, Assistant United States Attorneys, hereby submits its position with respect to defendant, RICHARD TODD HAAS's Addendum to Defendant's Position with Respect to Sentencing Factors (ECF No. 169) (hereafter "Addendum").

In his Addendum, the defendant asserts that the operative term "minor" as defined in Application Note 1 of USSG §2G2.1 does not include the fictitious minors that were part and parcel of the FBI's undercover investigation of HAAS for attempted sex trafficking because the purported existence and availability of such fictitious minors was communicated to HAAS by a cooperating source, not directly by law enforcement officers themselves. This distinction, as HAAS argues, has the two-prong effect of both 1) precluding the application of a 4-point specific offense characteristic enhancement under Chapter Two, and of 2) nullifying the operation of any grouping unit enhancements under Chapter Three, all of which supposedly lower the defendant's Total Offense Level of 38.

For the reasons discussed below, the term "minor" as defined in §2G2.1 Application Note 1 does indeed include fictitious minors whose supposed existence is communicated to a defendant by a civilian cooperator working on behalf of law enforcement rather than directly by a law enforcement officers themselves. Moreover, the United States respectfully takes this opportunity to supplement its earlier sentencing pleading regarding the application of the 5-point enhancement for Repeat and Dangerous Sex Offender Against Minors pursuant to §4B1.5.

I. A COMMON SENSE INTERPRETATION OF THE TERM "MINOR" AS DEFINED IN APPLICATION NOTE 1 OF USSG §2G2.1 REQUIRES THE INCLUSION OF REAL AND FICTITIOUS INDIVIDUALS WHOSE EXISTENCE WAS REPRESENTED TO A DEFENDANT BY A PERSON WORKING ON BEHALF OF LAW ENFORCEMENT OFFICIALS

Human nature being what it is, it is not possible to delineate in advance every conceivable situation having a bearing on the interpretation and application of an operative term in the Sentencing Guidelines. As many courts have noted, therefore, sentencing judges must use their common sense. *United States v. Flores-Granados,* 783 F.3d 487, 498 (4th Cir. 2015) ("Because this is a sentencing procedure, no mechanical exercise can ever fully supplant the common sense and good judgment of the sentencing judge."); *see also See United States v. White*, 903 F.2d 457, 462 (7th Cir. 1990) ("[I]n the course of the application of the [S]entencing [G]uidelines, as in the application of any legal concept, the use of 'common sense' is more than just relevant, but required."). Indeed, the Seventh Circuit has observed that courts must be careful to "not read the Guidelines in a way that makes the Sentencing Commission look foolish." *United States v. Turner*, 998 F.2d 534, 538 (7th Cir. 1993). Such common sense compels the consideration of agency principles to include a civilian cooperator working on behalf of a "law enforcement officer" as that term is used in Section 2G2.1.

The term "law enforcement officer" is not separately defined in the Sentencing Guidelines Manual. Even so, language in various sections of the Sentencing Guidelines, as well

2

as various sections of Title 18, suggests that the term should be construed broadly where doing so leads to logical results. Section 2C1.2 of the Guidelines applicable to public corruption offenses provides that the term "Public Official" shall be construed broadly. USSG §2C1.2, comment. (N.1). The application note both incorporates and mirrors the language of 18 U.S.C. § 201(a)(1), which provides that the term "public official" includes both an officer and employee of the government as well as an individual working on behalf of the government. Similarly, for obstruction of justice offenses under 18 U.S.C. §§ 1512 and 1513, the term "law enforcement officer" includes not only an officer or employee of the Federal Government but also an individual authorized to act for or on behalf of the Federal Government. *See* 18 U.S.C. § 1515(a)(4).

Agency principles that sometimes expand the application of certain terms appear elsewhere in the law. In the Sentencing Guidelines sections for sentencing of organizations, the term "Agent" includes not just an officer and employee of an organization but an individual authorized to act on behalf of the organization. USSG §8A1.2, comment. (N.3(D)). Indeed, the Fourth Amendment may apply to searches conducted by private individuals where there is an established agency relationship with law enforcement. *See, e.g., United States v. Jarrett*, 338 F.3d 339 (4th Cir. 2003) (Fourth Amendment protections are triggered if the government knew of and acquiesced in a private search and the private individual intended to assist law enforcement).

Consistent with both common sense and the widespread acknowledgement of agency principles effecting the scope of the definition of terms, a cooperating source working under the direction and on behalf of investigators should be included under the term "law enforcement officer" for purposes of Application Note 1 of §2G2.1. Doing otherwise would lead to

inappropriate results.

As a practical matter, there are many covert law enforcement investigations that use a cooperating source acting on behalf of law enforcement because the cooperating source is an effective—and sometimes the only—way to establish covert communications with the target of an investigation. That was clearly the case in the FBI's undercover investigation of HAAS. The cooperating source in the investigation had established a relationship of trust with the defendant such that he revealed to her his desire to obtain young children for the purpose of producing child pornography. In the HAAS investigation, it made sense for investigators to use the cooperator in an effort to obtain evidence that the defendant was attempting to engage in sex trafficking of minors in order to produce child pornography.

Even though the fictitious scenario of a woman in Baltimore who could provide HAAS with two children to use to produce child pornography was initially imagined by and communicated to the defendant by the cooperator herself, federal investigators ratified her use of that scenario when they encouraged her to maintain contact with HAAS following her initial meeting with the FBI in June 2016. The fact that the cooperator was working under the direction and on behalf of law enforcement is deeply underscored by evidence that just days after her release from jail in August 2016 the FBI gave her a recording device to use during all of her subsequent conversations with HAAS about her Baltimore connection and the two fictitious children.

Not including the cooperator in this case within the scope of the term "law enforcement officer" for purposes of §2G2.1 would lead to a peculiar and unjust result. It is difficult to conceive that the Sentencing Commission intended that two defendants who engaged in identical sexual exploitation crimes would have different guideline ranges because in one case the

investigation involved an undercover officer communicating directly with a defendant and in the other case investigators employed the common technique of communicating with the defendant through a civilian cooperator working on their behalf. This is the type of reading of the Guidelines that would make the Sentencing Commission look foolish and which the Seventh Circuit in *Turner* expressly counseled against.

For the foregoing reasons, then, the defendant's objection to this interpretation of the provisions of §2G2.1 should be overruled.

II. ADDITIONAL INFORMATION REGARDING THE APPLICATION OF THE REPEAT AND DANGEROUS SEX OFFENDER AGAINST MINORS ENHANCEMENT UNDER §4B1.5.

The United States has learned that since the filing of the government's original sentencing pleading in this case a representative with the United States Sentencing Commission has communicated with the U.S. Probation Officer regarding the PSR in HAAS's case. At bottom, the Sentencing Commission official reports that the guidelines as set forth in HAAS's PSR, particularly with regard to the application of the 5-level enhancement under §4B1.5, are correctly calculated.

Such a conclusion is consistent with other cases that have analyzed the application of the §4B1.5 enhancement when a defendant has been convicted of both a covered sex crime and a child pornography offense, which, as discussed in the government's original sentencing position, is expressly excluded from the application of §4B1.5. What has given the government pause regarding the application of §4B1.5 is that none of the cases discussing this section have expressly noted that the highest adjusted offense level following all of the Chapter Two calculations was a child pornography offense, not a covered sex crime.

In the Fourth Circuit case of *United States v. Dowell*, 771 F.3d 162 (4th Cir. 2014), the defendant was convicted of twelve counts of production of child pornography, a covered sex

5

crime, and one count of transportation of child pornography, an excluded offense. What distinguishes *Dowell* from HAAS's case is that following all of the Chapter Two calculations the adjusted offense level for both the production of child pornography counts and the transportation of child pornography count was 42. *Id.* at 166. In *Dowell*, the 5-level §4B1.5 enhancement necessarily would be applied to the covered sex crime of production of child pornography.

The Eleventh Circuit, in an unpublished opinion, upheld the application of §4B1.5 where a defendant was convicted of online enticement, which is a covered sex crime, and possession of child pornography, which is not. *United States v. McRee*, 625 Fed.Appx. 430 (2015). It is not clear from the *McRee* opinion, however, whether there was any difference between the respective adjusted offense levels for those two counts of conviction following all the calculations in Chapter Two.

The common theme connecting the Sentencing Commission official's feedback along with the *Dowell* and *McRee* cases is that the provisions of each chapter within the Sentencing Guidelines are calculated in succession, and, once a defendant is convicted of a covered sex crime, the plain language of §4B1.5(b)(1) requires that that enhancement be applied after the offense level is calculated under Chapters Two and Three. Such reasoning suggests that the application of the enhancement is appropriate here.

### III. CONCLUSION

For all of the reasons set forth above, the United States asks the court to deny the defendant's objection in his Addendum regarding the interpretation of the term "minor" under §2G2.1.

In addition, for the reasons discussed in the government's original sentencing position regarding the viability of the defendant's sentence on appeal, should the Court determine that the

5-level enhancement under §4B1.5 is correctly applied, the United States respectfully requests that the Court nonetheless grant the government's pending motion for upward departure, or in the alternative an upward variance, and also state on the record what sentence the Court would impose if the §4B1.5 enhancement did not apply.

         Respectfully submitted,

         G. ZACHARY TERWILLIGER
         UNITED STATES ATTORNEY

By: <u>/s/ Brian R. Hood</u>
   <u>/s/ Heather H. Mansfield</u>
   Assistant United States Attorneys
   United States Attorney's Office
   919 East Main Street, Suite 1900
   Richmond, VA 23219
   Telephone: (804) 819-5400
   Email: brian.hood@usdoj.gov
      heather.h.mansfield@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **January 16, 2018**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all parties of record.

                      Respectfully submitted,

                      G. ZACHARY TERWILLIGER
                      UNITED STATES ATTORNEY

By:   /s/  *Brian R. Hood*
       /s/  *Heather H. Mansfield*
     Assistant United States Attorneys
     United States Attorney's Office
     919 East Main Street, Suite 1900
     Richmond, VA 23219
     Telephone: (804) 819-5400
     Email: brian.hood@usdoj.gov
            heather.h.mansfield@usdoj.gov