IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA    )
    )
    v.    )    Criminal No. 3:16-CR-139
    )
RICHARD TODD HAAS,    )
    )
    Defendant.    )

**RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**

The United States of America, by and through its attorneys, Erik S. Siebert, United States

Attorney for the Eastern District of Virginia, and Heather Hart Mansfield, Assistant United

States Attorney, files its Response in Opposition to Defendant's Motion to Vacate Under 28

U.S.C. § 2255 ("§ 2255 Motion").  Because the defendant does not set forth any claims that meet

the standard for granting a § 2255 motion, the Court should deny the motion.

I.    **Factual and Procedural Background**

On November 1, 2016, a grand jury sitting in the Eastern District of Virginia returned an

indictment charging the petitioner, Richard Todd Haas, with sex trafficking of children, in

violation of 18 U.S.C. § 1591(a)(1), receipt of child pornography, in violation of 18 U.S.C. §

2252A(a)(2)(A), and three counts of possession of child pornography, in violation of 18 U.S.C. §

2252A(a)(5)(B).  (ECF No. 1).  On December 19, 2017, a grand jury returned a superseding

indictment charging the petitioner with sex trafficking of children, in violation of 18 U.S.C. §§

1591(a)(1) and (b)(1), receipt of child pornography, in violation of 18 U.S.C. § 2522A(a)(2), and

possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  (ECF No. 78).  On

September 26, 2018, after a three-day jury trial, a jury found the petitioner guilty on all counts in

the superseding indictment.  (ECF No. 152).  On January 17, 2019, the defendant was sentenced

to life imprisonment on Count 1, 240 months on Count 2, and 120 months' imprisonment on Counts 3 and 4.  (ECF No.178).

The defendant filed a timely appeal.  (ECF No. 180).  On January 28, 2021, the Fourth Circuit Court of Appeals vacated the defendant's judgment in part and remanded the case for a resentencing.  (ECF No. 191).  On March 3, 2022, the defendant appeared for a resentencing in this Court and was sentenced to life imprisonment on Count 1, 240 months on Count 2, and 120 months on Counts 3 and 4.  (ECF No. 226).

The defendant again filed a timely appeal.  (ECF No. 225).  On May 26, 2023, the Fourth Circuit Court of Appeals affirmed the judgment of this Court.  (ECF No. 233).  On November 13, 2023, the Supreme Court of the United States denied the defendant's petition for a writ of certiorari. (ECF No. 238).

On October 31, 2024, the defendant's Motion to Vacate Under 28 U.S.C. § 2255 was timely filed.  (ECF No. 254).  The defendant requests relief on several grounds:  1) counsel was ineffective for not objecting to an incorrect guidelines calculation; 2) counsel was ineffective for not objecting to additional sentencing and guidelines issues; 3) counsel was ineffective for not "correctly" preparing a request for a *Franks* hearing; 4) the defendant asserts that he is actually innocent; 5) counsel was ineffective for not requesting a dismissal of Count 1; 6) counsel was ineffective for failing to object to the jury instructions; and 7) counsel was ineffective for not raising the argument that the magistrate was not neutral.  All of these grounds of relief are without merit.  Therefore, no hearing is necessary, and the Court should deny the defendant's motion.

## II.    Standard of Review

Title 28, United States Code, Section 2255 provides a prisoner sentenced by a federal

2

court with a procedural vehicle to challenge the constitutional and jurisdictional validity of his conviction or sentence.  A defendant collaterally attacking his conviction or sentence pursuant to § 2255 bears the burden of proving by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the Court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255 *see also Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  In deciding a § 2255 motion, the Court need not hold a hearing if "the motion and files and the records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255

Most claims that do not assert constitutional or jurisdictional errors are not cognizable on collateral review.  Section 2255 applies to non-jurisdictional claims based on a federal statute or rule only if the claim alleges a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."  *Hill v. United States*, 368 U.S. 424, 428 (1962).  Courts have applied this standard to hold that non-constitutional violations of federal law are not cognizable on collateral review.  *See, e.g., United States v. Timmreck*, 441 U.S. 780, 783-84 (1979) (rejecting 2255 that court violated Fed. R. Crim. P. Rule 11); *Peguero v. United States*, 526 U.S. 23, 29-30 (1999) (district court's failure to advise defendant of right of appeal as required by Fed. R. Crim. P. 32(a)(2) does not entitle defendant to collateral relief).

In order to establish ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance actually affected the outcome of the case.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to show that his counsel's performance was deficient under the *Strickland* test, the petitioner must show that

counsel's performance was unreasonable "under prevailing professional norms." *Id*. If petitioner is able to demonstrate that his counsel was deficient, he must still establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.

*Strickland* also cautions that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission was unreasonable." *Id*. at 689. Therefore, defense counsel's performance and strategies are judged with the facts and knowledge "at the time of counsel's conduct." *Id*. at 690. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

### III.    Argument

Because the defendant's counsel provided effective assistance at every stage of the proceedings, the defendant's Motion to Vacate under § 2255 should be denied.

### 1.    Counsel was not ineffective for not objecting to the sentencing guidelines calculation under U.S.S.G. § 2G2.1.

Petitioner first argues that counsel was ineffective for failing to object to his guideline calculation under U.S.S.G. § 2G2.1. Because this is the proper guideline for defendant's conviction, the defendant's claim should be denied.

"An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not

have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). At trial, the defendant was convicted of Count One of the Superseding Indictment, which charged him with attempted sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1), 1591(b)(1), and 1594. Appendix A of the United States Sentencing Guidelines is the Statutory Index, which "specifies the offense guideline section(s) in Chapter Two (Offense Conduct) applicable to the statute of conviction." Pursuant to Appendix A, the applicable guideline for a conviction under 18 U.S.C. § 1591 is U.S.S.G. §§ 2G1.1, 2G1.3, or 2G2.1.

In this case, the applicable guideline for determining the offense level for the defendant's conviction was U.S.S.G. § 2G2.1. PSR ¶ 40. The defendant's argument confuses the fact of his conviction for a violation of 18 U.S.C. § 1591 and the use of the guideline to determine his offense level with the definition of "minor" in the application note to § 2G2.1. The defendant appears to argue that, because the definition of minor in § 2G2.1 did not encompass the fictitious minor at issue in this case, the guideline could not be used to determine his offense level. This, however, conflates two separate issues.

In the defendant's first appeal of his conviction and sentence, the Fourth Circuit held that the definition of "minor" in the application note to § 2G2.1 did not "encompass a situation in which a private citizen represents that a fictitious child could be provided to engage in sexual conduct." *United States v. Haas*, 986 F.3d 467, 480 (4th Cir. 2021). This precluded the application of certain enhancements to the defendant's offense level under that guideline provision. *Id*. at 480. This holding, however, does not preclude application of this guideline to the defendant's sentencing calculation.

5

As outlined further below, nothing about the definition of minor contained in this guideline precluded the defendant's conviction under the law for attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591 and 1594. Therefore, the first issue in determining the defendant's sentence is to determine which guideline to use for his offense calculation, as was done by the probation office in this case.

Counsel cannot be ineffective for failing to argue a sentencing guidelines error that does not exist. Therefore, this claim should be denied.

### 2. Counsel was not ineffective for failing to object to certain other sentencing issues.

Haas next argues that his counsel was ineffective for failing to make several arguments regarding how his sentence was calculated. Essentially, the defendant argues that his counsel failed to ensure his guidelines were correctly calculated and this led to his being sentenced over the statutory maximum on Counts 2, 3, and 4, and led to an unreasonable sentence. This claim lacks merit.

As an initial matter, the defendant's guidelines for Counts 2, 3, and 4 were calculated under U.S.S.G. § 2G2.2. PSR ¶ 22. The defendant argues that this guideline was used to sentence him over the statutory maximum, but that is factually incorrect. As reflected in the defendant's Amended Judgment (ECF No. 226), he was sentenced to the statutory maximum of 240 months' imprisonment on Count 2, and the statutory maximum of 120 months on Counts 3 and 4, all to be served concurrently. ECF No. 226, p.2. The defendant cannot show any prejudice because his sentence on these Counts did not, in fact, exceed the statutory maximum.

Moreover, the defendant claimed that the district court calculated his guideline range for Count 1 at 87 to 108 months and used this as an improper basis for the variance. Again, the defendant is incorrect. As reflected in his Statement of Reasons, the guideline range, before

6

departure or variances was 235 to 293 months, based on a total offense level 38 and Criminal History Category I. The Guidelines instruct that when determining the sentencing range for multiple counts, the court shall group the counts, determine the offense level applicable to each group and then determine the combined offense level applicable to all Groups by applying the rules in § 3D1.4. U.S.S.G. § 3D1.1. That is precisely what happened here.

Under these instructions outlined in Chapter 3 of the Sentencing Guidelines, the probation office determined that Counts 2-4 grouped and therefore, the probation office first determined the offense level for these counts. PSR ¶¶ 27-37. The probation office then determined the offense level applicable to Count 1 and Count 1A. PSR ¶¶ 38-51. After making these determinations, the Combined Offense Level "is determined by taking the offense level applicable to the Group with the highest offense level and increasing the offense level by the amount indicated in the table as U.S.S.G. § 3D1.4." PSR ¶55. Because there was no increase applicable to the defendant's offense level under § 3D1.4, the applicable offense level to the defendant's sentencing was the highest determined offense level of 38. PSR ¶55. This Court then departed and varied upward from that guideline level. That is precisely how the Court is instructed to determine the guidelines on multiple counts and nothing this Court did was out of line with those applicable instructions.

Additionally, this Court fully explained its departure and variance to a sentence of life, as found by the Fourth Circuit in *United States v. Haas*, 2023 WL 3675904 (4th Cir. 2023). After the defendant's resentencing in 2022, his counsel again filed an appeal to the Fourth Circuit Court of Appeals, challenging the reasonableness of his sentence "based on an impermissible variance." *Haas*, 2023 WL 3675904 at *2. The Fourth Circuit found that "Haas's sentence is reasonable. The reasons for the variance are plausible and tied to the § 3553(a) factors." *Id*.

Counsel cannot be ineffective for an issue that he raised on appeal simply because that issue was denied by the reviewing court.

### 3. Counsel was not ineffective for failing to make a "correct" motion for a *Franks* hearing.

The defendant's next argument is a lengthy argument that his counsel was ineffective for failing to "correctly prepare" a request for a *Franks* hearing. Because the defendant cannot meet the *Strickland* test for ineffective counsel, this claim should be denied.

As the defendant acknowledges, his claim that the search warrants in this case were faulty was raised on "multiple occasions" by multiple different attorneys. The defendant appears to be arguing that all of these attorneys' attempts, both in the district court and the appellate court, to argue that the defendant should be granted a *Franks* hearing fell short of the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. That simply is not the case.

The history of this case, in both this Court and the Fourth Circuit, demonstrates that this issue was litigated competently several times by several different attorneys. The Fourth Circuit began their analysis of the issue in the defendant's appeal by acknowledging, "Haas twice moved for a *Franks* hearing to determine whether facts about Sarah's credibility were intentionally or recklessly omitted from the first and second warrant affidavits." *Haas*, 986 F.3d at 474. Despite his assertions to the contrary, the defendant cannot show that counsel in his case failed to file a meritorious motion on an issue that was litigated three separate times throughout the life of the case.

Furthermore, the defendant's attempts to relitigate this issue for a fourth time under the guise of ineffective assistance of counsel must fail. "Lawyers who represent criminal defendants are accorded considerable latitude with respect for proper strategy; as a result, counsel's

8

performance will not be deemed deficient except in those relatively rare situations where, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Tice v. Johnson*, 647 F.3d 87, 102 (4th Cir. 2011). Haas's defense counsel repeatedly attempted to attack the search warrant and request a *Franks* hearing (at Haas's insistence) based on the alleged omissions and deficiencies related to the confidential witness and her work with the FBI in this case. Each time, this request was denied—twice by this Court and once by the Fourth Circuit Court of Appeals.

The defendant's attempts to list out each alleged omission as it relates to the confidential witness in his § 2255 motion does not change the outcome nor make his counsel's performance ineffective. The defendant cannot point to any new facts or information that would change the outcome of his request for a *Franks* hearing and for that reason, his motion should be denied.

### 4. The defendant is not factually innocent.

The defendant next argues that he is actually innocent and his counsel was ineffective for not arguing that the evidence did not prove the defendant's guilt. The defendant went to trial on the charges alleged in the Superseding Indictment. It is difficult to understand the defendant's argument that his counsel did not understand the statute and this misunderstanding led to his conviction. Defendant's trial and appellate counsel both argued that the evidence was not sufficient to convict the defendant on Count One. Although the defendant now conclusively states that he is actually innocent, that is not what the facts at trial showed. It is also not what the Fourth Circuit Court of Appeals found in reviewing the trial evidence for sufficiency. This claim is meritless and should be denied.

First, defendant's trial counsel argued a Motion for Judgment of Acquittal pursuant to Rule 29. Counsel argued at that time that the government had not put on sufficient evidence to

prove that the defendant was guilty of the charged offenses. *See* ECF No. 187, Trial Transcript p. 233. This Court stated that as to Count One, "there is clearly a credibility question that stands between conviction and acquittal. If the jury believes [the witness], then there's ample evidence to convict. If they do not believe her, then they may acquit him." *Id*.

Moreover, the defendant raised this claim on appeal, arguing that there was not sufficient evidence to convict him of attempted sex trafficking. Haas argued on appeal that his discussions with the confidential source did not amount to a substantial step as required for an attempt, and the Fourth Circuit clearly found to the contrary. "Haas's words strongly corroborated his intent to recruit, entice, or solicit children to engage in commercial sex acts. And so there is no doubt that substantial evidence supported his attempt conviction." *Haas*, 986 F.3d at 478.

"[T]o establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted…" *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999). The defendant clearly cannot do so, as he alleges no new facts or arguments that have not been presented to both this Court and the Fourth Circuit about the facts of this case. Despite his insistence that he is innocent, his saying it does not make it so. "'[V]ague and conclusory allegations contained in a § 2255 petitioner may be disposed of without further investigation by the District Court.' *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). *See also Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (noting 'conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief") (internal quotation marks omitted); *Andiarena v. United States*, 967 F.2d 715, 719 (1st Cir. 1992) (holding claim that included 'wholly conclusory' 'abstract allegation' was 'properly subject to summary dismissal')." *U.S. v. Dyess*, 730 F.3d 354, 359-60 (4th Cir. 2013).

**5.  Counsel was not ineffective for failing to argue that the statute requires an actual minor or an undercover law enforcement officer to be involved.**

The defendant next argues that his counsel was ineffective for failing to argue that the statute required an actual minor or law enforcement officer be involved for him to be guilty of attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591 and 1594.  Because the defendant is incorrect regarding the law of attempt, this claim fails.

To convict the defendant of attempted sex trafficking, the government must prove that he had "the culpable intent to commit the substantive crime and took a substantial step towards completion of the crime that strongly corroborates that intent."  *United States v. Haas*, 986 F.3d 467, 478 (4th Cir. 2023).  On appeal, Haas specifically challenged whether he had taken a substantial step to recruit, entice, obtain, or solicit a person and did not challenge the definition of minor under the law nor the commercial sex act element of the offense.  *Id*.  He now attempts to sidestep his procedural default of this issue by couching it in terms of ineffective assistance of counsel.  But regardless, the claim has no merit.

It is well recognized that an attempt to violate 18 U.S.C. § 1591 does not require an actual minor.  As the Fourth Circuit acknowledged in his case, the evidence showed that "Haas recruit[ed], entice[d], and solicit[ed] individuals whom he believed were under the age of eighteen knowing that they would be caused to engage in a commercial sex act."  *Haas*, 986 F.3d at 478 (citing *United States v. Clarke*, 84 F.3d 288, 298 (4th Cir. 2016) (holding that "communications with an intermediary aimed at persuading, inducing, enticing, or coercing a minor to engage in sexual activity fit within [the] common understanding of a criminal attempt that is prohibited by [Section] 2422(b).")); *see also United States v. Larive*, 794 F.3d 1016, 1020 (8th Cir. 2015) (finding that "[i]f a defendant's online conversations with an adult to arrange sex with a minor and a defendant's travel to an arranged meeting place to meet a minor constitute

11

substantial steps toward enticing a minor to engage in illegal sexual activity under § 2422(b), then it follows that these acts also constitute substantial steps toward enticing a minor whom the defendant knows will be caused to engage in a commercial sex act in violation of § 1591(a)."); *United States v. Slim*, 34 F.4th 642, 648 (8th Cir. 2022) ("We have held that a person intends to commit [attempted sex trafficking of a minor] when he subjectively intends to engage in a commercial sex act with someone he believed to be a minor female, even if that belief is mistaken.").

The defendant incorrectly cites to the definition of minor under U.S.S.G. § 2G2.1 discussed in the opinion in *Haas v. United States*, 986 F.3d 467 (4th Cir. 2023). The defendant then attempts to argue that this definition must apply to attempted violations of § 1591. He seems to acknowledge that the law allows for an adult intermediary to represent a minor in this context, but then again argues that this must be an undercover law enforcement based on the definition of minor in § 2G2.1. *See* Def. Motion p. 42. There is simply no support for applying this definition to the statute when courts have repeatedly found that an actual minor is not required for an attempted violation of the statute.

Because the law does not support the defendant's position that the definition of "minor" under § 2G2.1 applies to his violation of the statute, his claim should be denied.

### 6. Counsel was not ineffective for failing to require a victim be named in the jury instructions.

The defendant next asserts that his counsel was ineffective for not insisting that a minor be named in the jury instructions. This is similarly not a ground for ineffective assistance of counsel and his claim should be denied.

As this Court is well aware, there are statutes that prevent the identifying information of minor victims, including names, from being revealed publicly. 18 U.S.C. § 3509(d)(1) requires

that all documents naming a child be kept secure and only provided to those who have reason to know. Moreover, 18 U.S.C. § 3509(d)(2) requires that any papers that include identifying information of a minor be filed under seal and that any documents in the public record be redacted so as to avoid identifying any child. There is no requirement that a minor be named, in the jury instructions or elsewhere, for a jury to find that a defendant violated the law.

Moreover, as detailed in Section 5, *infra*, this was an attempt crime because there was no actual minor involved in the offense. Therefore, as the defendant is well aware, there was not a named individual at issue. As explained above, because the defendant can be found guilty of attempted sex trafficking even if the minors at issue are fictitious, there is no reason that his counsel would be ineffective on these grounds.

### 7. Counsel was not ineffective for failing to argue that the magistrate functioned as a rubber stamp for the government.

Finally, the defendant attempts, again, to argue that his counsel was ineffective for "failing to notice" a Fourth Amendment violation. Specifically, Haas argues that his counsel failed to argue that the magistrate acted as a "rubber stamp" for the government and did not act in a neutral manner. Because there is no basis to this argument, Haas cannot meet the *Strickland* test and his claim should be denied.

As cautioned in *Strickand*, "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission was unreasonable." 466 U.S. at 689. The defendant in this case attempts to argue in his § 2255 motion that nearly every aspect of his counsel's representation was unreasonable, but this is simply not so.

The defendant's attorneys argued on multiple occasions that the government violated *Franks* and that evidence obtained from the search warrants should be suppressed. His attorneys also argued that the good faith exception did not apply to the warrants for several reasons. The defendant makes these same arguments regarding information omitted from the search warrant about the confidential source to support his argument on this ground. He simply asserts that the magistrate judge "simply signed, without questioning what was put before him…" Def. Motion p. 48.

There is no evidence to support the defendant's assertions. The legality of the search warrant was litigated on multiple occasions, including in the Fourth Circuit Court of Appeals. "Haas twice moved for a *Franks* hearing to determine whether facts about Sarah's credibility were intentionally or recklessly omitted from the first and second warrants." *Haas*, 986 F.3d at 474. Defendant's counsel argued on several occasions that there was a lack of corroboration for the information provided by the confidential source. *See Haas*, 986 F.3d at 475. But this argument fails because "[t]here was no additional corroborating evidence that the affiant could include that would have defeat[ed] probable cause for arrest, as corroborating evidence could have only strengthened the affidavit." *Id*.

Despite the defendant's attempt to relitigated this issue by now framing it as one of a "neutral and detached" magistrate, the issue of the confidential source's reliability was litigated at multiple stages of this case and was rejected each time. This claim should fail.

14

**Conclusion**

For the foregoing reasons, the defendant's Motion to Vacate under § 2255 should be

denied.


Respectfully Submitted,

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By: _____/s/_____
Heather Hart Mansfield
Virginia Bar No. 83957
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, VA  23219
Phone:  (804) 819-5400
Fax:  (804) 771-2316
Heather.H.Mansfield@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 13, 2025, I electronically filed a copy of the foregoing with the

Clerk of Court using the CM/ECF system, and mailed a copy to the following non CM/ECF user:

Richard Todd Haas
90501-083
Terre Haute USP
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN  47808

/s/

Heather Hart Mansfield
Virginia Bar Number 83957
Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, VA  23219
Phone:  (804) 819-5400
Fax:  (804) 771-2316
Heather.H.Mansfield@usdoj.gov